**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3394
_____

OGNIAN KAMENOV,
                                        Appellant
                    v.

HIGHWOOD USA
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 11-cv-00915)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2013
_____

Before: GREENAWAY, JR., SLOVITER and BARRY, Circuit Judges

(Opinion Filed: July 23, 2013)
_____

OPINION
_____


BARRY, Circuit Judge

    Ognian Kamenov appeals from the District Court's grant of summary judgment in

favor of his former employer, Highwood USA, LLC ("Highwood"), on his age

discrimination claim under the Age Discrimination in Employment Act of 1967

("ADEA"), 29 U.S.C. § 621 *et seq.* For the reasons stated below, we will affirm.

I.

As we write primarily for the parties, we include only those facts relevant to the disposition of this appeal. In December 2003, Kamenov, then fifty-one years old, was hired by Highwood's President and Chief Executive Officer, John Quarmley, then approximately forty-two years old, to serve as Highwood's Technical Director. In April 2008, Quarmley had a discussion with Kamenov about an inappropriate remark Kamenov had made to a female colleague. Quarmley also referenced several other female employees that had similarly reported being made uncomfortable by Kamenov's comments. In April 2009, Quarmley assigned Bob Drogan to manage all of Highwood's technical functions, which entailed, in part, supervising Kamenov. Kamenov, however, refused to work for Drogan. On April 9, 2010, Quarmley met with Kamenov to discuss his job performance and advised Kamenov that he needed to adopt a better team-oriented attitude and a less dictatorial managerial style. In September 2010, Quarmley noted similar concerns after Kamenov refused to train and mentor a fellow employee without a contract. On October 6, 2010, Quarmley terminated Kamenov's employment. Kamenov was fifty-eight years old at the time. Quarmley selected employee Adam Barilla, who was then twenty-four years old, to assume Kamenov's tool design responsibilities.

On May 13, 2011, Kamenov filed suit against Highwood alleging that he was terminated because of his age in violation of the ADEA. After discovery, Highwood moved for summary judgment, and the District Court granted the motion by order dated

2

August 6, 2012. Kamenov moved for reconsideration, a motion the Court struck by order dated August 17, 2012, for failure to comply with the requirements of Local Rules 7.1 and 7.10. Kamenov timely appealed both orders. [1]

## II. [2]

Under the ADEA, an employer may not "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To succeed on an ADEA claim, "a plaintiff must show that his or her age 'actually motivated' and 'had a determinative influence on' the employer's decision to fire him or her." *Fakete v. Aetna, Inc.,* 308 F.3d 335, 337 (3d Cir. 2002) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 141 (2000)). This may be done by direct evidence of discrimination or indirect evidence that satisfies the three-step burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Fasold v. Justice,* 409 F.3d 178, 184 (3d Cir. 2005) (citing *Fakete,* 308 F.3d at 337-38).

Kamenov relies on indirect evidence; therefore, we analyze his claim under

---

[1] Kamenov does not address the motion for reconsideration on appeal and, thus, has waived any issue as to it. *Ghana v. Holland,* 226 F.3d 175, 180 (3d Cir. 2000).

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment and apply "the same standard that guides our district courts." *Dee v. Borough of Dunmore,* 549 F.3d 225, 229 (3d Cir. 2008) (citation omitted). Thus, we can affirm only "if [Highwood] shows that there is no genuine dispute as to any material fact and that [Highwood] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Araujo v. N.J. Transit Rail Operations, Inc.*, 708 F.3d 152, 156 (3d Cir. 2013).

*McDonnell Douglas*.  The plaintiff bears the initial burden of establishing a *prima facie* case of discrimination under the ADEA.  This requires proof that: (1) the plaintiff was a member of the protected age class; (2) he suffered an adverse employment decision; (3) he was qualified to hold the position; and (4) he was replaced by a significantly younger employee.  *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009).  If the plaintiff establishes a *prima facie* case, "the burden of production shifts to the employer to identify a legitimate non-discriminatory reason for the adverse employment action." *Id.* at 690 (citation omitted).  If the defendant carries this burden, the burden of production shifts back to the plaintiff "to demonstrate that the employer's proffered rationale was a pretext for age discrimination." *Id.* (citation omitted); *see Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981). "Throughout this burden-shifting exercise, the burden of persuasion, including the burden of proving but for causation . . . remains on the employee." *Smith*, 589 F.3d at 691 (3d Cir. 2009) (internal quotation marks and citations omitted).

Highwood concedes that Kamenov has established a *prima facie* case of discrimination, but asserts a non-discriminatory justification, i.e., that its decision to terminate Kamenov was based not on his age, but on the fact that he did not work well with others and made no effort to fit into Highwood's culture of teamwork and collaboration.  At this point, the burden rests with Kamenov to produce evidence from which a reasonable jury could conclude that Highwood's proffered justification is pretextual and that he would not have been fired but for his age.  *See Fuentes v. Perskie,*

4

32 F.3d 759, 765 (3d Cir. 1994). Kamenov has failed to do so.  As the District Court noted, on several occasions Quarmley spoke to Kamenov about his interaction with co-workers and fitting into Highwood's collaborative environment.  Quarmley also identified specific examples of Kamenov's lack of cooperation—his reluctance to mentor and train a colleague, and his refusal to be supervised by a fellow employee.  Kamenov admits that no one from Highwood ever made a comment, spoken or written, about his age and testified that all that supports his belief that he was discriminated against based on his age is his own "internal instinct."  (Appellant App., vol. II, 28a–29a). [3]

In sum, Kamenov failed to make a sufficient showing that Highwood's proffered reasons for terminating him were a pretext for age discrimination. [4]

## III.

For the aforementioned reasons, we will affirm the August 6, 2012 and August 17, 2012 orders of the District Court.

---

[3] It bears mention that at the time Kamenov was hired, both he and Quarmley were members of the protected age class (forty and over).  Kamenov also never contested the employee statistics listed in Quarmley's affidavit: twenty-four out of Highwood's fifty-four employees were in the same protected class as Kamenov, and of those twenty-four, eleven were older than fifty years old, three of them older than Kamenov.

[4] Kamenov complains of Highwood's failure to produce a spreadsheet it possessed that detailed the birth date, hire date, and termination date for all of its employees.  The spreadsheet did not fall within the scope of Kamenov's request for documents, however, and his specific request for its production was untimely, made after the close of factual discovery on May 3, 2012.  (Appellant App., vol. II, 109a; Appellee App. 228a, 233a). In addition, Kamenov never moved to compel its production, even after Highwood did not respond to his untimely request.